IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 19-140-CFC |
| ) | |
| KEITH THOMAS DOUGHERTY, ) | |
| ) | |
| Defendant. ) | |

---

Jeffrey A. Finucane, Assistant United States Attorney, Martinsburg, West Virginia

*Counsel for the United States of America*

MEMORANDUM OPINION

December 4, 2019
Wilmington, Delaware

$$\underline{\phantom{COLM F. CONNOLLY}}$$
COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE

On April 17, 2019, Defendant Keith Thomas Dougherty was charged by a grand jury in the Middle District of Pennsylvania with one count of mailing threatening communications to a federal district court judge in violation of 18 U.S.C. §876(c), and one count of using electronic mail to threaten another federal district court judge in violation of 18 U.S.C. § 875(c). D.I. 1. To avoid any appearance of impropriety or conflict of interest, the case is being prosecuted by the United States Attorney for the Northern District of West Virginia. Pursuant to 28 U.S.C. § 292(b), the Chief Judge of the United States Court of Appeals for Third Circuit designated this Court to preside over the case. D.I. 8.

Pending before the Court are six motions filed by Defendant.

I. **Background**

The government did not seek to detain Defendant pending trial. Accordingly, the Magistrate Judge released him under the supervision of the United States Pretrial Services Office.

On May 6, 2019, the Magistrate Judge appointed the Federal Public Defender in the Middle District of Pennsylvania to represent Defendant. D.I. 10. On May 23, 2019, Defendant entered a plea of not guilty and the Magistrate Judge ordered that all pre-trial motions be filed on or before June 24, 2019. D.I. 15, 16.

1

On May 28, 2019, the Defendant mailed a nine-page, incoherent letter to the Magistrate Judge titled "Letter to the Court demand for [*pro se* access] to the 'retaliatory indictment scheme' [the West Virginian DA] 'does not wish to be contacted' [per Video] Conference (statement)[.]" D.I. 17 (brackets in the original).

On June 14, 2019, Mr. Thomas Young, Esquire, from the Office of the Federal Public Defender for the District of New Jersey was substituted as Defendant's counsel. D.I. 19. Shortly after his appointment, Mr. Young requested that the deadline for pre-trial motions be extended for 60 days. The Court granted this reasonable request and ordered pre-trial motions to be filed no later than August 26, 2019. D.I 22.

Based on Defendant's May 28, 2019 letter and his repeated and often hostile telephone calls to the Court's chambers and the clerk's office, the United States Pretrial Services Office requested that the terms of Defendant's pre-trial release be modified to require Defendant to undergo a mental health evaluation. Defendant and the government consented to this request on June 21, 2019, and the Court granted the request. D.I. 15, 16.

On June 24, 2019, Defendant faxed to the clerk's office a series of emails he had exchanged with Mr. Young. Defendant wrote on the cover sheet to the fax that he had fired Mr. Young. D.I. 23.

On July 1, 2019, Dr. Bruke Tadesse, a pscyhologist retained by the Pretrial Services Office, examined Defendant. Dr. Tadesse found among other things that Defendant's "[t]hought content was free of psychosis or delusions[,]" his "[t]hought [p]rocess was logical, linear and goal directed[,]" his "[i]nsight and [j]udgment was good[,]" and his "[c]ognition appeared grossly intact." D.I. 61 at 2.

On July 8, 2019 and July 12, 2019, Defendant filed two more letters with the Court's clerk. Though the letters are rambling and have incoherent passages and references, it can be discerned from them that Defendant alleged that the clerk's office had engaged in criminal conduct by refusing to provide Defendant with access to the court's electronic filing system, that Defendant had fired his attorney, and that Defendant's emails with his counsel had been "surreptitiously removed" by "FBI or NSA" from Defendant's email account. D.I. 26, 27.

On August 2, 2019, Defendant filed an "Entry of Appearance," by which he "demand[ed] entry of appearance pro se[.]" D.I. 28. On August 12, 2019, Defendant filed another rambling and largely incoherent document with the Court's clerk. D.I. 31.

On August 14, 2019, because of Defendant's repeated and hostile calls to court chambers, the Magistrate Judge held a bail review hearing and amended the

3

conditions of Defendant's pre-trial release to prohibit Defendant from contacting the Court by telephone, computer, or facsimile. D.I. 32.

On August 19, 2019, Defendant made three filings with the Court's clerk: (1) a one-page, largely incoherent letter that concluded with the words "you don't like where this is going," D.I. 35; (2) a four-page, incoherent and incomprehensible document titled "Order," D.I. 36; and (3) a 25-page, incoherent and incomprehensible "Motion to Expedite a Jury" with 95 pages of attachments, D.I. 37.

On August 20, 2019, the Court issued an order scheduling a status conference for September 12, 2019 to consider Defendant's request to proceed *pro se*. D.I. 38. On each of August 21 and 23, 2019, Defendant filed an incoherent and incomprehensible letter. D.I. 39, 40. On August 28, 2019, Defendant filed a 30-page "Response" to the Court's August 20, 2019 Order. D.I. 41. The "Response" is incoherent and incomprehensible, and its 246 pages of exhibits do not shed any light on its content or purpose. *See id.*

On September 3, 2019, Defendant filed a 17-page "Praecipe to Supplement" that is incoherent and incomprehensible. D.I 43. On September 6, 2019, he filed a 20-page "Reply Brief" with 38 pages of exhibits; both the reply brief and the exhibits are incoherent and incomprehensible. D.I. 45.

On September 12, 2019, the Court convened a status conference, during which the Court extensively questioned Defendant to determine if (1) he clearly and unequivocally desired to proceed *pro se*; (2) he understood the nature of the charges, the range of possible punishments, potential defenses, and the problems he would encounter by proceeding *pro se*; and (3) he was competent to stand trial. *See* D.I. 63 at 2–45. At the conclusion of that colloquy, the Court stated:

> I will state for the record that I remain concerned about Mr. Dougherty's ability to logically think and communicate. Mr. Dougherty, I think at times your responses are unresponsive to questions and that your filings suggest that you do not logically think about issues and you confuse issues, but you have responded on the whole today to my questions in a sufficiently logical and responsive and clear manner such that I will grant you the right to proceed pro se.
> I think it would be a good idea to appoint Mr. Young to be what I call stand by counsel.
> \* \* \* \*
> And, you know, Mr. Dougherty, what makes it challenging for me and what made this morning challenging is, at times you are very logical, very civil, polite, responsive, rational, calm, and receptive, and so that's why I'm letting you proceed pro se.

*Id.* at 45:12–23, 65:1–5.

The Court also ruled at the status conference that Defendant had until September 26, 2019 to file any pretrial motions.

5

## II. Defendant's Motions

Defendant has filed five motions since the status conference hearing. The Court will address first the only motion that was pending as of the September 12, 2019 status conference—i.e., the "Motion to Expedite a Jury" (D.I. 37). The Court then will address in turn the motions filed after the status conference.

### A. "Motion to Expedite a Jury" (D.I. 37)

This 11-page motion is incoherent and incomprehensible, and its 109 pages of attachments do not shed any light on the content or purpose of the motion. The Court is unable to discern a legal issue or request for relief stated in the motion. Accordingly, it will deny the motion.

### B. "Motion for a Jury Trial 'as to the Speedy Trial Act' [itself] and Rule 12.3 'continuation' … (witness lists) Delaware Prosecutor, Magistrate Burke 'to be witnesses': Fraud [PA] UTPCPL" (D.I. 48) (brackets in the original)

This nine-page motion is incoherent and incomprehensible, and its five pages of attachments do not shed any light on the content or purpose of the motion. The Court is unable to discern a legal issue or request for relief stated in the motion. Accordingly, it will deny the motion. To the extent the motion was intended to request a jury trial, the motion will be denied as moot, as it is undisputed that Defendant will be tried before a jury.

C. "Pursuant to Rule 12 'as amended'; Motion for Jury [even] 'for preliminary matters' [Declaratory Judgment as to the Access to Justice Act of 1988] (Preliminary Injunction to the 331 Panel as to Rule 870); as under the 'all Writs Act' 28 U.S.C. 1651 *Coram Nobis/vobis*; PA Common Law 28 USC 1652; As [a] HABEAS Corpus 'seizure' ... Keith Dougherty/Docson Consulting LLC [civil/criminal] Boyd v. US" (D.I. 50) (brackets in the original)

This 366-page motion is incoherent and incomprehensible, and its 98 pages of attachments do not shed any light on the content or purpose of the motion. The Court is unable to discern a legal issue or request for relief stated in the motion. Accordingly, it will deny the motion. To the extent the motion was intended to request a jury trial, the motion will be denied as moot, as it is undisputed that Defendant will be tried before a jury.

D. "Motion for [default] by the Government as to Rule 12.3 and 'Assign 17-CV-1514' to Judge Connelly [for] Declaratory Judgment as to 'Access to Justice Act'; [Preliminary Injunction] to the 332(d)(4) Panel 'to enjoin Simbraw v. US, IOP 10.6/LAR 27.4"; Demand for 'a copy of the 9/12/2019 'scheduling order never received' and a 'copy of the 9/12/2019 'unaltered transcript' 28 USC 2250; [as] Filed under the 'prison Mail Box Rule';" (D.I. 51) (brackets in the original)

This 14-page motion is incoherent and incomprehensible. It was also filed more than a week after the deadline for pretrial motions had run and therefore is untimely. The Court is unable to discern a legal issue or request for relief stated in the motion. Accordingly, it will deny the motion. To the extent the motion was intended to request a jury trial, the motion will be denied as moot, as it is undisputed that Defendant will be tried before a jury. To the extent the motion was

7

intended to request a "copy of the 9/12/19 scheduling order," no such order was ever entered, and therefore the motion will be denied for that reason as well. To the extent that the motion was intended to request a copy of the transcript of the September 12, 2019 status hearing, the motion will denied as moot, as the Court has docketed and electronically served on Defendant a copy of the transcript. *See* D.I. 63 at 2–45.

> **E. "Motion to Compel 'Deposition of Jordon' Rule 12.3 Supplemented in light of 'Local Rule 8' Conflict(s) & in the Circuit [conspiracy] 'to void 55(a) & 55(b)' District Court Clerks 'as Freytag' Constitutional Officers; Rotkiske v. Klemm, 890 F.3d 422 (3d Cir. 2018); SC 18-328" (D.I. 56) (brackets in the original)**

This 23-page motion is incoherent and incomprehensible, and its 39 pages of attachments do not shed any light on the content or purpose of the motion. The motion was filed more than a month after the deadline for pretrial motions and therefore is also untimely. The motion does not identify who "Jordon" is and the Court is unable to discern a legal issue or request for relief stated in the motion. Accordingly, the Court will deny the motion.

> **F. "Motion to Compel 'Deposition of Jordon [Perjury]' Rule 12.3 Supplemented in light of 'Local Rule 8' Conflict(s) & in the Circuit [conspiracy] 'to void 55(a) & 55(b)' District Court Clerks 'as Freytag' Constitutional Officers; Rotkiske v. Klemm, 890 F.3d 422 (3d Cir. 2018); SC 18-328/13-1040, 13-1904 'Tribunal Jurisdiction' (D.I. 57) (brackets in the original)**

This 23-page motion is incoherent and incomprehensible, and its 71 pages of attachments do not shed any light on the content or purpose of the motion. The

motion was filed more than a month after the deadline for pretrial motions and therefore is also untimely. The motion does not identify who "Jordon" is and the Court is unable to discern a legal issue or request for relief stated in the motion. Accordingly, the Court will deny the motion.

### III. Next Steps

Because of the incoherent and rambling nature of Defendant's motions, the Court has serious concerns about his competency to stand trial, notwithstanding his responses to the Court's questions at the status hearing on September 12, 2019. Since the status hearing, Defendant has filed, in addition to his five motions, two letters (D.I. 46, 47), an "Appendix" (D.I. 52), and two "reply briefs" (D.I. 53, 54) that are incoherent and incomprehensible. He also filed a non-sensical, 252-page document titled "PA Private Criminal Statute 506 Rule 12.3 'continuing Witness List"; 28 USC 144: in the words of Captain America 'I can do this all day.'" D.I. 55. The number, volume, intensity, irrationality, and incoherency of these filings stand in stark contrast to Dr. Tadesse's findings in July and Defendant's behavior in court on September 12, 2019. The filings give reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, pursuant to 18 U.S.C. § 4241(a) and (b) and § 4247(b) and

(c), the Court will order (1) a hearing to determine the mental competency of Defendant, (2) that a psychiatric or psychological examination of Defendant be conducted, and (3) that a report of that examination be filed with the Court.

**IV.  Conclusion**

For the foregoing reasons, the Court will deny Defendant's outstanding motions and will order a hearing to determine Defendant's competency. The Court will further order Defendant to undergo a psychiatric or psychological examination and that a report of that examination be filed with the Court pursuant to the provisions of 18 U.S.C. § 4247(b) and (c).

The Court finds that the time from now until the conclusion of the competency hearing serves the ends of justice and outweighs the interests of the public and Defendant in a speedy trial and therefore shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A).

The Court will issue an Order consistent with this Memorandum Opinion.