18 USC 3148

(17) "A Case of First Impression"

When Keith Dougherty was "picked up on an arrest warrant"

Any "Court officer" who had set the initial Terms of Release Could Have "Held a probable cause Hearing" [under "exceptional Circumstances" required to meet "Clear and Convincing" while requiring "witnesses to be produced" Due to "the pending omnibus motion" (9/26/2019) averring a Valid Self Defense "argument" see

(6) 18 Pa. C.S.A. 505, 506, 507;

once "converted to "a Grand Jury Indictment" the "Initial Hearing" was required within 72 hours and only Before the "District Court"

As Magistrate Burke "Lacked the Required Tribunal Jurisdiction"

Sebelius v. Auburn Regional; Slip Op. p 6;

Judge Connolly "conspired to Void Gerstein v Pugh, and did Not provide the required Rule 12(d) Facts in Act 180; Not

(12) received until 10/27/20;
Keith Dougherty "is entitled to an appealable order and opinion
According to Reese v. FDC Warden (3rd Cir 2018)
So As to appeal the 18 USC 3145 Motion (part of the) Filed 3/23/2020 "in the Prison mailbox system"; Needed Opinion
12(b)(2)/(3); 12(B)(v) opinion

(C2) On the record the "Idiot" Jeffrey Finucane admitted he used the "Same outlawed standard" rejected by the Supreme Court in Elonis v. US (Counts III + IV); Presumably used in Counts I + II;
135 S. Ct. 2011 (
... The [2015 U.S. LEXIS] parties agree that a defendant under Section 875(c) must know that he is transmitting a communication. Id., at 73, 115 S. Ct. 464, 130 L. Ed. 2d 372...
that is precisely the Government's position here; Elonis can be convicted, the Government contends, if he himself knew the contents and context of his posts, and a reasonable person would have recognized that

(13)

the posts would be read as genuine threats. That is a negligence standard...

Justice Alito suggests that we have not clarified confusion in the lower courts. That is wrong. Our holding makes clear, §LEdHR18§ negligence is not sufficient to support a conviction under 875(c), contrary to the view of nine Courts of Appeals. Pet. for Cert 17. Elonis v. U.S. 575 U.S. 723; 135 S. Ct. 2001; 192 L.Ed 2d1 (2015);

3/23/2020
"See Constructive transmittal"[14] 2
"Subjective intent" 2
"Different Standard" W/R+S
"For political speech" and "petition for redress" see Burough of Duryea 3rd Cir Reversed (2011) same confusion;

"Political speech" and "pleading as a Citizen" (not employee) the same;

Conclusion

after receipt of "required opinion" separate appeal to the 3rd Cir before "trial" to avoid the Carol Anne Bond "tactic" where Jeffrey ETnuncane: Sec/S to

(13)

(14)

In-Validate "the Pennsylvania Self Defense Doctrine" as well as Rule 12.3 "Waiver";

In Bond "the Federal Prosecutor" Misread "the treatpowers" and the Idiot 3rd Cir "Rubber Stamped" the Corruption:

Again 28 USC 1652 "Provides More Protection" in Pennsylvania than in Delaware or New Jersey (no one cares about West Virginia);

Finucane "is corrupt and incompetent" Just like the Bond Prosecutor.

(14)

PS "the US Supreme Court announced there is No COVID-19 Exception to the Constitution";

So After Receipt of the "required Opinion";

A Motion to Dismiss under the Speedy Trial Act "Will Follow"; where "each Continuance must be Defended on the record";



I Keith Dougherty aver I have been falsely imprisoned under Gerstein v. Pugh, and the District Court knows the statement "the issue has been preserved for appeal is meaningless" as the resolution "post jury verdict is moot"; the continual statement "I have never had a pro se case" is no substitute for the required opinion, so Defendant can file an appeal to the 3rd Cir, as to 18 USC 3145.

11/1/20

Keith Dougherty (76873-067)
FDC
PO Box 562
Phila, PA 19105

